United States District Court
Southern District of Texas
**ENTERED**
July 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS RIOS LOPEZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05787 |
| | § | |
| PAMELA BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Before the Court are Petitioner Carlos Rios Lopez's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #7), and Petitioner's Reply (Doc. #13). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Carlos Rios Lopez ("Petitioner"), a citizen of Mexico, entered the United States at an unknown location on an unknown date.[1] Doc. #7, Ex. 1 at 1. The Department of Homeland Security ("DHS") subsequently issued a Notice to Appear ("NTA") charging Petitioner with being inadmissible under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. *Id.* at 4. Petitioner has been in the custody of Immigration and Customs Enforcement ("ICE") since November 2025, and he is currently detained at the Houston Contract

---

[1] Petitioner states, and Respondents do not dispute, that he entered the United States without inspection in 2004. Doc. #1 at 5. However, the Notice to Appear alleges only an unknown date of entry. Doc. #7, Ex. 1 at 1. The Court notes but need not resolve this factual dispute to resolve this case. The Court further notes that Petitioner is the father of three children who are United States citizens. Doc. #1 at 5.

Detention Facility. Doc. #1 at 3–4. Petitioner has a single misdemeanor conviction for obstructing a highway or passageway, for which he received a sentence of time served before being transferred to ICE custody. *Id.* at 6. Respondents do not identify any additional criminal history or explain how Petitioner's single misdemeanor conviction impacts his habeas petition. *See* Doc. #7.

In the Motion for Summary Judgment, Respondents argue that Petitioner is subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2). Doc. #7 at 7. Petitioner disagrees, arguing his continued detention violates his due process rights. Doc. #1 at 21; Doc. #13 at 3. Courts in the Southern District of Texas have held that the continued detention of a noncitizen who has no material criminal history and has not been shown to be a flight risk or danger to the community violates procedural due process. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #7. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.

3. Respondents are further ORDERED to return to Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

JUL 14 2026

Date

The Honorable Alfred H. Bennett
United States District Judge